BGK:MMO
F. #2016R01560

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | PRELIMINARY ORDER OF FORFEITURE |
| - against - | 17-CR-053 (S-1) (JS) |
| LORRAINE PILITZ,<br>     also known as "Lorraine Christie"<br>     and "Lorraine Storms," | |
|                    Defendant. | |

- - - - - - - - - - - - - - - X

WHEREAS, on or about November 9, 2022, LORRAINE PILITZ (the "defendant"), was convicted after a jury trial of the offense charged in Count One of the above-captioned Superseding Indictment, charging violations of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2); and

WHEREAS, the jury has determined that, pursuant to 31 U.S.C. §§ 5317(c)(1)(A), the defendant must forfeit all right, title, and interest in the following:

a) all right, title and interest in the real property located at 295 East Montauk Highway, Lindenhurst, New York 11757, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements, and furnishings;

b) all right, title and interest in ten thousand nine hundred and seventy-two dollars and eighty-five cents ($10,972.85), more or less, in United States currency, seized on or about May 5, 2014 from JPMorgan Chase

      Bank account number ending in 5384 held in the name of "Lorraine Pilitz";

 c) all, right, title and interest in twenty thousand four hundred thirty-three dollars and sixty-nine cents ($20,433.69), more or less, in United States currency, seized on or about May 5, 2014 from JPMorgan Chase Bank account number ending in 0872 held in the name of "Virginia Christie Carpio"; and

 d) all right, title and interest in twenty-eight thousand two hundred two dollars and sixty cents ($28,202.60), more or less, in United States currency, seized on or about May 5, 2014 from JPMorgan Chase Bank account number ending 1478 held in the name of "Diane Christie"

(items (a) through (d) collectively, the "Forfeited Assets") as property, real or personal, involved in the defendant's violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2), or property traceable to such property; and/or substitute assets, and thus are forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(1)(A), and 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317(c)(1)(B).

  IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

 1. Pursuant to 31 U.S.C. §§ 5317(c)(1)(A) and 5317(c)(1)(B), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States all right, title, and interest in the Forfeited Assets.

 2. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P.

32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

3. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Forfeited Assets in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets. The defendant shall take whatever steps are

necessary to ensure that clear title to the Forfeited Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. If the Forfeited Assets, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets, pursuant to 21 U.S.C. § 853(p).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in her judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

7. The United States alone shall hold title to the the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. The forfeiture of the Forfeited Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

9. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Asset Recovery Paralegal, Kristen Lake, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
_____, 2022

SO ORDERED:

_____
HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK