UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

                                  MEMORANDUM & ORDER

   -against-                  17-CR-0053 (JS)(ARL)

LORRAINE PILITZ, a.k.a. LORRAINE
CHRISTIE, a.k.a. LORRAINE STORMS,

                   Defendant.
--------------------------------X
APPEARANCES
For Government:      Adam Toporovsky, Esq.
                   United States Attorney's Office
                   271-A Cadman Plaza East
                   Brooklyn, New York  11201

                   Burton T. Ryan, Jr., Esq.
                   Madeline M. O'Connor, Esq.
                   United States Attorney's Office
                   610 Federal Plaza, Fifth Floor
                   Central Islip, New York  11722

For Third Party     Lawrence V. Carra, Esq.
Claimants Pilitz    114 Old Country Road
and Storms:         Mineola, New York  11501

SEYBERT, District Judge:

        The United States of America (the "Government") moves

pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A) to

dismiss the third-party petitions of: (1) Lorraine Pilitz (the

"Defendant") filed in her capacity as trustee for the Diana

Christie Family Trust (the "Trust") (see Defendant's Petition for

Third-Party Interest (the "Defendant's Petition"), ECF No. 145),

and (2) James Storms ("Storms" and together with Defendant, the

"Petitioners") filed in his capacity as the sole vested beneficiary

of the Trust (see Storms' Petition for Third-Party Interest (the "Storms Petition), ECF No. 146).  For the reasons that follow, the Government's Motion is GRANTED and the Petitions are DISMISSED.

<u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>

On November 9, 2022, following a jury trial, Defendant was convicted of: (1) structuring financial transactions in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2); (2) corruptly endeavoring to obstruct and impede the Internal Revenue Laws in violation of Title 26 U.S.C. § 7212(a); and (3) filing false tax returns in violation of 26 U.S.C. § 7206(1) for tax years (i) 2010; (ii) 2011; and (iii) 2012.  (See Jury Verdict, ECF No. 136; Superseding Trial Indictment, ECF No. 130.)  In addition to the substantive counts, the Indictment included a criminal forfeiture allegation which gave "notice to the defendant that, upon her conviction of the offense charged in Count One,[1] the government [would] seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1)(A)."  (Superseding Trial Indictment, ¶ 19.)  Specifically, the Government provided notice that it would seek forfeiture of, inter alia, "[a]ll right, title and interest in the real property located at 295 East Montauk Hwy, Lindenhurst, New York" (hereafter, the "Lindenhurst Property" or the "Forfeitable Real Property").  Following its guilty verdict, the

---

[1] Count One of the Superseding Trial Indictment charged Defendant with structuring financial transactions.

2

jury determined that the Government had also proved, by a preponderance of the evidence, that the Lindenhurst Property was involved in, or was traceable to, the Defendant's structuring offense. (See Jury Verdict on Forfeiture, ECF No. 137.)

On November 28, 2022, the Court entered a Preliminary Order of Forfeiture ordering Defendant to forfeit, inter alia, all right title and interest in the Lindenhurst Property. (See Order Granting Motion for Forfeiture, ECF No. 141.)  Subsequently, on January 19, 2023, Defendant filed her Petition for Third-Party Interest. (See generally Defendant's Petition.)  In sum, Defendant contended that the Lindenhurst Property was not subject to forfeiture because "[t]he Defendant . . . never had, nor ever possessed a cognizable claim to ownership interest in the subject property[,]" instead, Defendant stated "[t]he right, title and interest in the [Lindenhurst Property] . . . rest[ed] formally and beneficially with" Defendant as Trustee of the Trust.  (Id. at 3-4.)  Defendant attached proof of her appointment as Trustee to her petition. (Trust Instrument, Ex. M, ECF No. 145-13, attached to Defendant's Petition.)[2]  Additionally, Defendant attached a

_____

[2] Since the Court treats a motion to dismiss a petition for third-party interest in the same manner it would treat a motion to dismiss a civil complaint, see United States v. Swartz Family Trust, 67 F.4th 505, 513-14 (2d Cir. 2023), the Court may consider, in conjunction with the petition, any written instrument attached to the petition as an exhibit and/or any documents incorporated in the petition by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Bargain and Sale Deed dated 24 June 2013, demonstrating that the Lindenhurst Property was purchased by DCC Realty LLC ("DCC Realty") (Deed, Ex. I, ECF No. 145-9, <u>attached to</u> Defendant's Petition), and a Statement with Respect to Closing of Title reflecting the conveyance of the property from Frances R. Culliney to DCC Realty for $395,000.00. (Statement with Respect to Closing of Title, Ex. K, ECF No. 145-11, <u>attached to</u> Defendant's Petition.) Schedule A of the Trust instrument documents the corpus of the Trust which included, <u>inter alia</u>, "the equity interest in DCC Realty LLC," which, as demonstrated, owned the Lindenhurst Property. (Schedule A, <u>attached to</u> Trust Instrument.)

Likewise, on January 19, 2023, Storms filed his Petition for Third-Party Interest. (<u>See generally</u> Storms Petition.) In his Petition, Storms argued:

> In or about 2013, Diana Christie and Virginia Christie Carpio, as the sole Members of DCC Realty LLC, purchased the subject property. Thereafter, several years after the passage of Virginia Christie Carpio, Diana Christie, as the Managing Member and sole member of DCC Realty LLC, and in conjunction with the terms and conditions of the Diana Christie Family Trust, transferred ownership of the subject property to the Diana Christie Family Trust.

(Storms Petition at 2.)

On April 19, 2023, both Defendant and Storms filed Supplemental Petitions in which they sought to clarify ownership of DCC Realty. (<u>See</u> Defendant's Supplemental Petition, ECF No.

4

159, at 1; Storms' Supplemental Petition, ECF No. 160, at 1.)
Specifically, the Supplemental Petitions highlighted that Diana
Christie was the sole Managing Member of DCC Realty and Virginia
Christie Carpio merely served as the company's General Manager.
(Id.)

On April 24, 2023, the Government filed the instant
Motion seeking dismissal of both Petitions.  In sum, the Government
argued that: (1) 21 U.S.C. § 853(n)(2) barred the Defendant from
participating in the ancillary proceeding, even in her
representative capacity; (2) "the Petitions fail[ed] to state a
claim under 21 U.S.C. § 853(n)(6)[;]" (3) "the Petitions fail[ed]
to allege a colorable, present legal interest in the Forfeitable
Real Property sufficient to confer standing[;]" and
(4) "[D]efendant and Storms lack[ed] any standing to assert a claim
to company assets, such as the Forfeitable Real Property, which
[was] . . . held by in the name of DCC Realty." (See Support Memo,
ECF No. 162-1, attached to Motion to Dismiss, at 1-2.)

On May 25, 2023, Petitioners filed a Joint Opposition
responding to the Government's Motion.  (See Opposition, ECF No.
170.)  Additionally, attached to their Opposition, the Petitioners
included an affidavit from Diana Christie explaining, inter alia,
that, "[o]n May 18, 2023, [Defendant], acting as Trustee of the
Trust, executed a Bargain and Sale Deed transferring all right,
title, and interest in the [Lindenhurst Property] to

5

the . . . Trust[,]" in the hope that this action would "resolve[]
the first contention raised by the Government in seeking to deprive
the Trust of the [Lindenhurst Property]."  (See Diana Christie
Affidavit, Ex. A, ECF No. 170-1, attached to Opposition, ¶ 23.)
Further, Diana Christie stated that "after executing the
deed . . . [Defendant] resigned as Trustee of the . . . Trust and,
at that time," a Successor Trustee was appointed.  (Id.)  As
evidence of the conveyance the Petitioners attached the Bargain
and Sale Deed indicating that the Lindenhurst Property was conveyed
from DCC Realty to the Trust on May 18, 2023, for no consideration.
(Deed, Ex. B, ECF No. 170-2, attached to Opposition.)

On June 13, 2023, the Government filed a Reply in which
they argued, inter alia, that the May 18, 2023, conveyance had
effectively mooted both Defendant's and Storms' petitions.  (See
Reply, ECF No. 172.)


## DISCUSSION

I.   Legal Standard

    A.   Section 853(n)(2): Procedure

        "Title 21 U.S.C. §§ 853(n)(1) and (2) set forth the
procedure for asserting, in an ancillary proceeding, a third-party
claim with respect to property subject to a criminal order of
forfeiture." DSI Assocs. LLC v. United States, 496 F.3d 175, 179
(2d Cir. 2007).  Pursuant to Section 853(n)(1):

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.[3]

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property . . . .

Id. (quoting 21 U.S.C. § 853(n)(1), (2)).

When a third-party files a petition asserting an interest in forfeited property, "the court must conduct an ancillary proceeding" to adjudicate such third-party interest in property. FED. R. CRIM. P. 32.2(c)(1). However, Rule 32.2(c)(1)(A) provides that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32(c)(1)(A). Such a motion is "treated like a motion to dismiss a civil complaint under Federal

---

[3] No party disputes that the Government complied with the notice requirements. Indeed, notice was provided to both Petitioners on December 29, 2022. (See Notice, Ex. B, ECF No. 145-2, attached to Defendant's Petition; Notice, Ex. B, ECF No. 146-2, attached to Storms Petition.)

Rule of Civil Procedure 12(b)."  Swartz Family Tr., 67 F.4th at 513-14 (quoting United States v. Watts, 786 F.3d 152, 161 (2d Cir. 2015)); see also Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) ("[U]nder Rule 32.2, a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." (citing United States v. BCCI Holdings (Lux.), S.A., 961 F. Supp. 282, 285 (D.D.C. 1997))). Consequently, the Court "must accept all well-pled facts alleged in the petition as true and construe all reasonable inferences in the petitioner's favor."  United States v. Daugerdas, No. 09-CR-0581, 2020 WL 3472447, at *1 (S.D.N.Y. June 25, 2020) (citing ECA, Local 134 IBEW Joint Pension Tr. of Chi. V. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009)).

  B. Standing in a Forfeiture Proceeding

  "[T]o have standing to bring a claim under Section 853(n)(2), a petitioner must demonstrate a 'legal interest' in the property at issue."  Swartz Family Tr., 67 F.4th at 516 (citing Watts, 786 F.3d at 160-61; 21 U.S.C. § 853(n)(2)).  "Where the petitioner has no valid interest in the property under state law, the inquiry ends, and the claim fails for lack of standing."  Id.

  "A third-party petitioner has only two statutory grounds to assert a legal interest in forfeited property."  Id. at 513. The petitioner may show either: (1) "that he possessed a 'superior

interest' at the time of the offense under § 853(n)(6)(A)[;]" or (2) "that he was a 'bona fide purchaser for value' reasonably without cause to believe that the property was subject to forfeiture under § 853(n)(6)(B)." Id. (quoting Watts, 786 F.3d at 159-61). "Beyond those two limited claims, the provision authorizes no challenges to the forfeitability of a defendant's property by interested third parties." Id. The Second Circuit has held "that § 853(n)(2)'s requirement of a legal interest in property, which is necessary for standing, must be read as identical to § 853(n)(6)'s reference to a right, title, or interest in the property." United States v. Church & Dwight Co., Inc., 510 F. App'x 55, 58 (2d Cir. 2013) (quoting United States v. Ribadeneira, 105 F.3d 833, 835 (2d Cir. 1997) (internal quotation marks omitted)). As such, "the standing inquiry is 'identical to one "on the merits" to determine whether a third party meets the statute's requirements.'" Id. (quoting DSI Assocs., 496 F.3d at 183 n.9).

        "A motion to dismiss a forfeiture petition for lack of standing implicates the court's subject matter jurisdiction." United States v. Sharma, No. 18-CR-0340, 2021 WL 861353, at *6 (S.D.N.Y. Mar. 8, 2021) (citing Lucas v. United States, 775 F.3d 544, 546 (2d Cir. 2015)). As such, the claimant, as the party seeking relief, has "the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence." Id.

(citing Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 445 (2d
Cir. 2019)).

II.   Analysis

    A.   Defendant's Petition Must be Dismissed as Moot After Her
        Resignation as Trustee

    Section 853(n), by its plain language, precludes a
Defendant from asserting a legal interest in the property ordered
forfeited.  See 21 U.S.C. § 853(n)(2) ("Any person, other than the
defendant, asserting a legal interest in property which has been
ordered forfeited [may], . . . petition the court for a hearing
to adjudicate the validity of his alleged interest in the property"
(emphasis added)).   "Consistent with § 853(n)(2)'s express
language, courts routinely acknowledge that a defendant is barred
from contesting a forfeiture order on behalf of a third party."
Daugerdas, 2020 WL 3472447, at *2 (collecting cases).

    This exclusion remains true even where the Defendant
purports to bring the petition as a fiduciary on a beneficiaries'
behalf.  Id.  On this point, Daugerdas is illustrative, where a
Defendant sought to "sidestep § 853(n)(2)'s plain language by
bringing the Petition, 'not as defendant or individually, but
solely as [c]ustodian and [t]rustee'" on behalf of Beneficiaries.
Id. at *3.  In dismissing defendant's petition, the court observed
"[defendant] . . . offer[ed]   no   authority   supporting   the
proposition that he cease[d] being the 'person' who is the

'defendant' in th[e] action by purportedly donning his trustee hat." Id.  The court reasoned that defendant's contention, that he could bring a § 853(n) petition in a representative capacity, was "tantamount to reading § 853(n)(2) to permit any person, other than the defendant acting in his capacity as defendant, to petition [the] [c]ourt." Id. (emphasis added). This, the court observed, "is not what the statute says[,]" and to find otherwise would "effectively write[] the 'other than the defendant' clause out of the statute." Id.; see also United States v. Barnard, No. 21-CR-0696, 2023 WL 1779548, at *2 (S.D.N.Y. Feb. 6, 2023) (dismissing petition brought by defendant, purportedly in his capacity as trustee of a revocable trust, finding "based on the plain text of Section 853(n) . . . he is precluded from bringing a petition asserting third-party interests in th[e] ancillary proceeding.'")

In view of the foregoing, the Government initially argued that Section 853(n) precluded Defendant from asserting, either on her own behalf, or on behalf of the Trust, an interest in the Lindenhurst Property at the ancillary proceeding. (See Support Memo at 9-11.)  Defendant countered that the trust instrument named Defendant as trustee and that under New York Law "the legal estate vests with the Trustee." (Opposition at 7.) Defendant averred that "it [was] error for the Government to assert that [Defendant], as Trustee, [was] not a party in interest and

11

ha[d] no legal o[r] colorable title to the subject 'Forfeitable Property.'"[4]  (Id.)  Defendant distinguished <u>Daugerdas</u>, and other cases cited by the Government, by highlighting <u>Daugerdas</u> concerned a defendant that could not demonstrate "the existence of a trust instrument[,]" whereas here, Defendant not only alleged that she was the Trustee of the Trust but also included a copy of the Trust confirming her appointment.  (Id. at 8.)  Regardless, Defendant highlighted that, "[i]n an effort to resolve the Government's misplaced concern over [Diana Christie's] designation of [Defendant] . . . as the Trustee, Diana Christie requested [Defendant] resign in favor of a Successor Trustee" and that this designation "should alleviate the concerns raised by the Government."  (Id.)

In reply, the Government argues "the appointment of the New Trustee for the Trust does not remedy the fact that [D]efendant is barred from litigating the Defendant's Petition."  (Reply at 8.)  The Government highlights that the New Trustee has neither "sought permission from the Court to belatedly file a new petition on behalf of the Trust," nor requested "to be substituted for

---

[4] In making this point, Petitioners appear to misconstrue the Government's textual based arguments.  The Government clarifies that it "does not dispute that, under appropriate circumstances, a trustee can litigate a lawsuit on behalf of a trust." (Reply at 9.)  However, in this case "the trustee happens to be the defendant, and the law expressly prohibits a defendant from litigating forfeiture in an ancillary proceeding."  (Id.)

defendant to litigate defendant's petition." (Id.)  As such, the Government contends Defendant's Petition must be dismissed as moot.

The Court agrees with the Government that Defendant's resignation as Trustee means she can no longer demonstrate a legal interest in the property at issue.  With no legal interest in the Forfeitable Real Property, Defendant lacks the standing necessary to bring her Petition; this determination ends the inquiry.[5]  To the extent the Trust intends to have its Successor Trustee substituted for Defendant or seeks leave for its Successor Trustee to file a separate Petition, there was no request in this regard. The lack of a request notwithstanding, the time to file petitions has passed.  Additionally, even if the Court were to allow the Successor Trustee to file a separate Petition, or to be substituted for Defendant, the Court agrees with the Government that any interest the Trust can show in the Lindenhurst Property is not a pre-existing interest under 853(n)(6)(A) that vested before the Government's interest. (See infra-Part-II.B.)

---

[5] Even if Defendant had not mooted her petition by resigning as Trustee, the Court finds the reasoning in Daugerdas to be persuasive, notwithstanding Defendant's ability to produce a Trust document attesting to her appointment as Trustee.  The plain language of 853(n) precludes a Defendant from bringing a Petition on behalf of third parties.  Had Congress intended to carve out an exception for a Defendant to bring a petition in his representative capacity, it could have easily done so.

B.   Both Petitions Must be Dismissed for Lack of Standing and Failure to State a Claim Under 21 U.S.C. § 853(n)(6)

> To establish a superior interest claim under Section 853(n), a petitioner must demonstrate that it "has a legal right, title, or interest in the property . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property."

Swartz Family Tr., 67 F.4th at 517 (citing 21 U.S.C. § 853(n)(6)(A)). "Subsection 853(n)(6)(A) works hand in hand with the 'relation-back' doctrine embodied in § 853(c), which provides that all property subject to forfeiture based on a criminal offense 'vests in the United States upon the commission of the [offense].'" Watts, 786 F.3d at 166 (citing 21 U.S.C. § 853(c)). Consequently, "a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property before the underlying crime was committed" i.e., "before the government's interest vested." Swartz, 67 F.4th at 517 (citing Watts, 786 F.3d at 166).

On this issue, the Government initially argued that both Petitions failed to allege "that [their] asserted interests in the Forfeitable Real Property were 'vested in [Storms/the Trust] rather than the defendant or [were] superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property.'" (Support

Memo at 11-12.) The Government explains, "the Trust was not established until 2021 . . . approximately ten years after the 'acts [that] gave rise to the forfeiture of the property,'" such acts occurring "in approximately 2011 through 2013." (Id. at 12.) Since both Petitioners asserted an interest in the Lindenhurst Property via the Trust neither could demonstrate their interest was a "pre-existing interest[] pursuant to 21 U.S.C. § 853(n)(6)(A)."[6] (Id.)

Petitioners countered that the Trust and Storms maintained "a superior right, title and interest in the subject property above all others," and that "[n]owhere within the confines of the record was there any evidence offered that [Defendant] was the owner of the building or ever had any ties of ownership right, title or interest to the building." (Opposition at 9.) Next, Petitioners stated that "on May 18, 2023, [Defendant] as Trustee of the Trust, created and executed a Bargain and Sale Deed with Covenants against Grantors Acts upon the [Lindenhurst] property[,]" (Id. at 11.) Petitioners contend that this act "merged the equitable interest reflected in the Membership Certificate of DCC Realty LLC with the legal title of DCC Realty LLC thereby solidifying the right, title and interest of the

---

[6] The Court notes that neither Defendant nor Storms asserted that they had standing pursuant to 853(n)(6)(B), and so, the Court does not address this issue.

Trust."   (Id.)   Furthermore, Petitioners aver that Defendant's resignation as Trustee has divested her of any further interest in the Trust and the subject property.   (Id.)

In Reply, the Government characterizes DCC Realty's conveyance of the Lindenhurst Property to the Trust as a "blatant reaction to the arguments raised in the Government's Motion to Dismiss." (Reply at 3.)   Indeed, Petitioners appear to acknowledge that the conveyance was made in an attempt to remedy the objections raised by the Government.   (Opposition at 5 (stating that the May 18, 2023, conveyance was "predicated upon the objections voiced by the Government").)   The Government highlights that "the May 18, 2023 conveyance of the Forfeitable Real Property was a new transaction that created a new interest in the Forfeitable Real Property i.e., the Trust's direct ownership of the Forfeitable Real Property."   (Reply at 4 (emphases in original).)

Regardless of the conveyance, the Government reemphasizes that "the Petitions . . . do not claim, and, indeed, could not have claimed, an interest in the Forfeitable Real Property via the Trust's direct ownership of the Forfeitable Real Property, because such interest did not exist at the time of the filing of the Petitions."   (Id. (emphasis in original).)   The Government highlights that the Petitions, as presently pled must be dismissed as moot because they are based upon the Trust's "equity interest in DCC Realty[,]" an interest that no longer

16

exists.  (Id.)  Moreover, amendment, according to the Government, would be futile because "the Trust's new ownership interest in the Forfeitable Real Property . . . could never state a valid claim under 21 U.S.C. § 853(n)(6)."  (Id. at 5.)  Specifically, the Government states neither Storms nor the New Trustee could "allege that the Trust's direct interest in the Forfeitable Real Property, which arose on May 18, 2023, is a pre-existing interest under 21 U.S.C. § 853(n)(6)(A), that was superior or vested prior to the commission of the acts that gave rise to the forfeiture of the Forfeitable Property."  (Id. (emphasis in original).)

As an initial matter, to the extent Petitioners suggest Defendant's lack of personal ownership of the Lindenhurst Property affects its forfeitability, the Court rejects this argument as meritless.  See De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) ("[C]riminal forfeiture is not a measure restricted to property owned by the criminal defendant; it reaches any property that is 'involved' in the offense.  The likelihood that some property involved in an offense will be owned by persons other than the criminal defendant is reflected in the provision for an ancillary proceeding . . . ." (emphasis in original)).  When the Jury determined that the Government successfully established, by a preponderance of the evidence, that the Lindenhurst Property "was involved in" or was "traceable to" property involved in

17

Defendant's structuring offense, it became subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(1)(A).

Additionally, the Court agrees with the Government that neither Petitioner, as a matter of law, can establish a legal interest in the Lindenhurst Property, as is required for standing, pursuant to 853(n)(6)(A). First, when the Petitions were originally filed, the supporting documentation attached to the Petitions demonstrated that the Trust was formed on or about June 30, 2021. (See Trust Instrument.) Schedule A of the Trust Instrument states that, at the time of formation, the corpus of the Trust included, inter alia, "the equity interest in DCC Realty LLC" which was the entity that owned the Forfeitable Real Property. (Schedule A, attached to Trust Instrument.) Consequently, neither Storms as a beneficiary of the Trust nor Defendant as its Trustee could assert a legal interest in the Lindenhurst Property via the Trust because the Trust never owned an interest in the Property; instead, the Trust's interest was in the equity shares of DCC Realty. See United States v. Castle, No. 18-CR-0531, 2020 WL 4059808, at *5 (S.D.N.Y. July 20, 2020) ("[C]ourts in many jurisdictions, including New York, have explained that while members of limited liability companies or shareholders of a corporation possess an interest in the shares of their company, they do not possess any interest in the company's assets." (emphasis in original)) (collecting cases); see also United States

18

v. All Right, Title and Interest in Real Prop., Appurtenances, and Improvements Known as 479 Tamarind Drive, Hallandale, Fla., No. 98-CV-2279, 2005 WL 2649001, at *3-4 (S.D.N.Y. Oct. 14, 2005) ("[A] shareholder in a corporation chartered in Ontario does not have standing to contest the forfeiture of any of the specific assets of that corporation, just as if the entity had been incorporated in New York."); Swartz Family Tr., 67 F.4th at 516 (finding that under New York law, "a member of an LLC has no legal interest in the assets that belong to the LLC[,]" and concluding that Petitioner lacked standing under § 853(n)(2) "to pursue a claim based on its equity ownership interest in" the forfeitable asset).

Even if this were not the case, since the Trust's interest in DCC Realty did not vest until formation of the trust on or about June 30, 2021, its interest was not pre-existing under § 853(n)(6)(A).[7] Here, the commission of the acts which gave rise to the forfeiture occurred sometime in 2011 through 2013. (See Superseding Trial Indictment (stating that the structuring count occurred on or about 2011 through 2013).) The Government's

---

[7] Petitioners assert that the Trust's interest in the Lindenhurst Property, arguably, vested on October 9, 2012. (Opposition at 1-2.) Petitioners explain that on October 9, 2012, Diana Christie as Settlor of the Trust "made an escrow deposit on the Contract of Sale to purchase the subject property in the name of the Trust's predecessor in title." (Id.) The Court finds this point to be irrelevant. As the Government notes, the Petitions each claim an interest in the Forfeiture Property via the Trust not the Trust's predecessor in interest. (See Reply at 8.)

interest in the Forfeitable Real Property therefore vested at a time that long predated the Trust's interest in DCC Realty.

Finally, the subsequent conveyance of the Lindenhurst Property on May 18, 2023, while remedying the Trust's lack of direct ownership in the Property, is a new interest which vested in the Trust on May 18, 2023. This new interest has mooted both Petitions which, as presently pled, assert an interest in the Forfeitable Real Property via the Trust's ownership of DCC Realty; this interest no longer exists. The Court likewise finds that allowing the Petitioners to amend their Petitions to: (1) substitute the Successor Trustee for Defendant; and/or (2) assert the Trust's new, direct ownership, interest in the property would be futile since such an interest could never predate the Government's vested interest under § 853(n)(6)(A).[8]

To the extent not explicitly addressed, the Court has considered the remainder of Petitioners' arguments and it finds them to be without merit.

---

[8] The Bargain and Sale Deed attached by Petitioners to their respective petitions demonstrating that the Lindenhurst Property was conveyed from DCC Realty to the Trust shows that the transfer was for no consideration. While Petitioners do not base any of their standing arguments on 853(n)(6)(B), this no consideration conveyance means an Amended Petition could never demonstrate that the Trust was a Bona Fide purchaser for value. Regardless, since the transfer was made after the entry of the forfeiture order and with full knowledge that the Lindenhurst Property was subject to forfeiture, neither Petitioner could ever demonstrate standing based upon 853(n)(6)(B).

<u>CONCLUSION</u>

For the stated reasons, **IT IS HEREBY ORDERED that** the Government's Motion to Dismiss the Third-Party Petitions of Defendant and James Storms (ECF No. 162) is GRANTED.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 26, 2023
       Central Islip, New York